**133 Nev., Advance Opinion 51**

IN THE SUPREME COURT OF THE STATE OF NEVADA

K&P HOMES,
Appellant,
vs.
CHRISTIANA TRUST,
Respondent.

No. 69966

**FILED**

JUL 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Certified question under NRAP 5 concerning the retroactivity of this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014). United States District Court for the District of Nevada; Robert C. Jones, Judge.

*Question answered.*

The Wright Law Group, P.C., and John Henry Wright, Las Vegas,
for Appellant.

Wright, Finlay & Zak, LLP, and Dana Jonathan Nitz and Natalie C. Lehman, Las Vegas,
for Respondent.

Brooks Hubley, LLP, and Michael R. Brooks and Jessica Perlick, Las Vegas,
for Amici Curiae Mortgage Bankers Association, Nevada Mortgage Lenders Association, and Nevada Bankers Association.

Fennemore Craig, P.C., and Leslie Bryan Hart and John D. Tennert, III, Reno; Arnold & Porter Kaye Scholer LLP and Michael A.F. Johnson, Washington, D.C.,
for Amicus Curiae Federal Housing Finance Agency.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Bradley S. Schrager and Don Springmeyer, Las Vegas,
for Amicus Curiae Community Associations Institute.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

The United States District Court for the District of Nevada has certified, under NRAP 5, the following question to this court: "Does the rule of *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures occurring prior to the date of that decision?" We answer the question in the affirmative and conclude that our holding in the aforementioned matter applies to all foreclosures conducted since NRS 116.3116's inception.

## FACTS AND PROCEDURAL HISTORY

On May 31, 2013, appellant K&P Homes (K&P) purchased property at a homeowners' association's (HOA) nonjudicial foreclosure sale. Respondent Christiana Trust (Christiana) held a first deed of trust on the property. After the sale, Christiana filed a quiet title action against K&P in federal district court, and K&P filed an answer and counterclaims. Thereafter, Christiana filed a motion to dismiss, arguing that its first deed of trust survived the sale because the sale occurred before this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust"). K&P filed a countermotion for summary judgment, arguing that *SFR* applied retroactively.

The district court granted Christiana's motion and denied K&P's countermotion. In so doing, the district court applied the three-factor test established by the United States Supreme Court in *Chevron Oil*

 

*Co. v. Huson*, 404 U.S. 97 (1971), for determining whether a court's holding applies retroactively. Subsequently, K&P filed a motion to certify the question of *SFR*'s applicability to this court, which the district court granted. We now address the question presented.

## DISCUSSION

Christiana employs the *Chevron Oil* factors and argues that *SFR* cannot apply retroactively because (1) this court established a new principle of law, (2) a retroactive application would not further the purposes of NRS 116.3116, and (3) a retroactive application would produce inequitable results. *See Chevron Oil*, 404 U.S. at 106-07. K&P argues that the *Chevron Oil* factors do not apply, but rather, this court's analysis in *Nevada Yellow Cab Corp. v. Eighth Judicial District Court*, 132 Nev., Adv. Op. 77, 383 P.3d 246 (2016), governs the present matter. We agree with K&P.

In *Nevada Yellow Cab*, we addressed whether our decision in *Thomas v. Nevada Yellow Cab Corp.*, 130 Nev., Adv. Op. 52, 327 P.3d 518 (2014), applied retroactively.[1] 132 Nev., Adv. Op. 77, 383 P.3d at 247. In resolving that matter, this court acknowledged that "recent Supreme Court jurisprudence has strongly disapproved of the *Chevron Oil* factors when considering federal civil law."[2] *Id.* at 249; *see, e.g., Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 98 (1993) (stating that "the legal imperative to apply a rule of federal law retroactively after the case announcing the rule

---

[1]In *Thomas*, we held that Article 15, Section 16 of the Nevada Constitution (also known as the Minimum Wage Amendment) impliedly repealed NRS 608.250(2)(e)'s exemption of taxicab drivers from minimum wage requirements. 130 Nev., Adv. Op. 52, 327 P.3d at 522.

[2]See *Nevada Yellow Cab*, 132 Nev., Adv. Op. 77, 383 P.3d at 249-50, for a general discussion of *Chevron Oil* and its subsequent application.

has already done so must prevail over any claim based on a *Chevron Oil* analysis" (internal quotation marks omitted)).

Therefore, this court declined to apply the *Chevron Oil* factors, holding that a prospective application of *Thomas* would "presuppose a view of our decisions as *creating* the law, as opposed to *declaring* what the law already is." *Nev. Yellow Cab*, 132 Nev., Adv. Op. 77, 383 P.3d at 250-51 (internal quotation marks omitted). This court also recognized that the Separation of Powers Clause of the Nevada Constitution precluded it "from having the quintessentially legislative prerogative to make rules of law retroactive or prospective as we see fit." *Id.* at 250 (internal quotation marks omitted).

Christiana argues that *Nevada Yellow Cab* does not apply in this matter because *Thomas* involved a judicial interpretation of a constitutional amendment, whereas *SFR* involves a judicial interpretation of a state statute. However, the United States Supreme Court has stated that "[a] judicial construction of a statute is an authoritative statement of what the statute meant *before as well as after the decision of the case giving rise to that construction.*" *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994) (emphasis added). Indeed, the Court went on to clarify its holding:

> When Congress enacts a new statute, it has the power to decide when the statute will become effective. The new statute may govern from the date of enactment, from a specified future date, or even from an expressly announced earlier date. *But when this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law.* In statutory cases the Court has no authority to depart from the congressional

command setting the effective date of a law that it has enacted.

*Id.* at 313 n.12 (emphasis added); *see also United States v. City of Tacoma*, 332 F.3d 574, 580 (9th Cir. 2003) ("The theory of a judicial interpretation of a statute is that the interpretation gives the meaning of the statute from its inception, and does not merely give an interpretation to be used from the date of the decision.").

*SFR* determined whether the Nevada Legislature, through NRS 116.3116, established "a true priority lien such that its foreclosure extinguishes a first deed of trust on the property." 130 Nev., Adv. Op. 75, 334 P.3d at 409. In concluding that NRS 116.3116 established a true superpriority lien, this court did no more than interpret the will of the enacting legislature. *See Nev. Yellow Cab*, 132 Nev., Adv. Op. 77, 383 P.3d at 247 (stating that "this court's function is to declare what the law is, not to create the law").

Moreover, *SFR* did not overrule any existing precedent. This court had not previously determined whether NRS 116.3116 granted HOAs a true superpriority lien, and the language of the opinion itself does not purport to overrule any existing precedent. In addition, a prospective application is not mandated simply because other courts had reached a different conclusion. *See* 20 Am. Jur. 2d *Courts* § 148 (2015) ("Reliance upon prior misconstruction of a statute by a lower court does not operate to prevent the retrospective application of the state's supreme court's authoritative interpretation of the statute."); *see, e.g., Nev. Yellow Cab*, 132 Nev., Adv. Op. 77, 383 P.3d at 248, 251 (holding that *Thomas* applied retroactively even though a federal district court had previously held that

the Minimum Wage Amendment did not repeal NRS 608.250's exemptions).[3]

Therefore, we hold that the *Chevron Oil* factors do not apply in this matter and that our holding in *SFR* applies retroactively. However, this is not to say that the *Chevron Oil* factors have no place in Nevada's jurisprudence. As we noted in *Nevada Yellow Cab*, the "factors may still apply . . . when a court expressly overrules a precedent upon which the contest would otherwise be decided differently and by which the parties may previously have regulated their conduct." *Nev. Yellow Cab*, 132 Nev., Adv. Op. 77, 383 P.3d at 251 n.5 (internal quotation marks omitted); *see also United States v. Estate of Donnelly*, 397 U.S. 286, 295 (1970) (stating that, "[i]n rare cases, decisions construing federal statutes might be denied full retroactive effect, as for instance *where this Court overrules its own construction of a statute*" (emphasis added)); 20 Am. Jur. 2d *Courts* § 147 (2015) ("A decision overruling a judicial precedent may be limited to prospective application where required by equity or in the interest of justice.").

---

[3]We also note that several federal district courts have recognized that *SFR* did not create new law or overrule any existing precedent. *See JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d 1141, 1171-72 n.9 (2016) ("*SFR* did not announce a new rule of law. It did not overrule prior precedent or disapprove any procedure or practice approved by prior Nevada Supreme Court case law."); *see also Deutsche Bank Nat'l Tr. Co. v. TBR I, LLC*, No. 3:15-CV-00401-LRH-WGC, 2016 WL 3965195, at *6 (D. Nev. July 22, 2016) ("*SFR* did not announce a new rule of law, it merely clarified an existing statute."); *see also Capital One, N.A. v. Las Vegas Dev. Grp., LLC*, No. 2:15-cv-01436-JAD-PAL, 2016 WL 3607160, at *5 (D. Nev. June 30, 2016) (same).

## CONCLUSION

We answer the federal district court's certified question in the affirmative. *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014), did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively. "Having answered this question, we leave the federal district court to apply the law that we have articulated to the facts before it." *Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, 130 Nev., Adv. Op. 68, 333 P.3d 229, 235 (2014).

_____, J.
Parraguirre

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich